# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **AERITAS, LLC,**<br><br>Plaintiff<br><br>v.<br><br>**PANDA RESTAURANT GROUP, INC. & PANDA EXPRESS, INC.,**<br><br>Defendants | **Case No. 6:22-cv-01021**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Aeritas, LLC ("Aeritas" or "Plaintiff") files this Complaint for patent infringement against Panda Restaurant Group, Inc. and Panda Express, Inc. (collectively, "Panda Express" or "Defendant"), and alleges as follows:

## NOTICE OF RELATED CASE

1.    This case is related to the following cases:

- Aeritas, LLC v. Office Depot, LLC, No. 6:22-cv-00986-ADA; and

- Aeritas, LLC v. Staples, Inc., No. 6:22-cv-00985-ADA.

## NATURE OF THE ACTION

2.    This is an action for patent infringement arising under 35 U.S.C. § 1 *et seq.*

## PARTIES

3.    Aeritas is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in Dallas, Texas.

4.      Upon information and belief, Defendant Panda Restaurant Group, Inc. is a corporation organized under the laws of the State of California. In can be served with process by serving its registered agent: Monte Baier, 1683 Walnut Grove Ave, Rosemead, CA 91770.

5.      Upon information and belief, Defendant Panda Express, Inc. is a corporation organized under the laws of the State of California with a place of business in this judicial District at 5401 Bosque Blvd, Waco, Texas 76710 and is a wholly owned subsidiary of Panda Restaurant Group, Inc. It can be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      Upon information and belief, Defendant is subject to personal jurisdiction of this Court based upon it having regularly conducted business, including the acts complained of herein, within the State of Texas and this judicial district and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

8.      Venue is proper in this judicial district under 28 U.S.C. §1400(b) because Defendant has committed acts of patent infringement in this District and has a regular and established place of business in this District. Specifically, Defendant has restaurants in this District, including at 5401 Bosque Blvd, Waco, Texas 76710. In addition, Aeritas has suffered harm in this District.

## OVERVIEW OF THE PANDA EXPRESS APP

9.      Defendant provides for its customers use the Panda Express App, which is available for use with iOS and Android devices:



https://www.pandaexpress.com/



https://apps.apple.com/us/app/panda-express-chinese-kitchen/id903990394



https://play.google.com/store/apps/details?id=com.pandaexpress.app

10.     To enable use of the enhanced features of the Panda Express App, a Panda Express server asks for permission to access the mobile device's location to determine the location of the user's device (e.g., upon receiving GPS coordinates from the mobile device) and will identify the closest Panda Express restaurant to the mobile device:

 

(Screenshots from Panda Express mobile application)

11.    When a user of the Panda Express App on an Android smartphone searches for a particular location using their voice, Panda Express receives spoken input from a wireless communication device.

 

(Screenshots from the Panda Express mobile application showing the process of using spoken input within the app)



https://play.google.com/store/apps/details?id=com.pandaexpress.app

12.    A Panda Express notification server delivers a non-verbal response to the spoken input (product page), including a drill down menu in the form of a "Locations" link.



(Screenshot from Panda Express mobile application)

13.     A Panda Express server provides additional information related to the retrieved information (distance and other information about nearby stores) in response to receipt of at least one additional input provided via the drill-down menu.



(Screenshot from Panda Express mobile application)

14.     Panda Express receives and stores consumer interest data (e.g., specific Panda Express locations can be favorites and are saved in the user's profile).



(Screenshot from Panda Express mobile application)

15.    Panda Express receives results from the search (store distance, store information, whether or not Pick Up order is available, etc.) and delivers that information to the mobile device.






(Screenshot from Panda Express mobile application)

16.    When location access is enabled and upon selecting a nearby Panda Express location from the user's current location, the Panda Express app notifies the user that the nearby location is unable to process online ordering.




## COUNT I
### (Infringement of U.S. Patent No. 7,706,819)

17.    Aeritas incorporates the above paragraphs as though fully set forth herein.

18.    Plaintiff is the owner, by assignment, of U.S. Patent No. 7,706,819 (the "'819 Patent"), entitled MIXED-MODE INTERACTION, which issued on April 27, 2010.

19.    The '819 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

20.    Defendant has been and is now infringing one or more claims of the '819 Patent under 35 U.S.C. § 271 by making and using the Panda Express App with users'

iOS and Android devices and the Panda Express server in the United States without authority.

21.    Defendant, Panda Express, has also infringed the '819 Patent by encouraging users of the Panda Express App to use the user's iOS or Android devices with the Panda Express App to practice the claims of the '819 Patent.

22.    Claim 1 recites:

1.    A method comprising:

receiving spoken input from a wireless communication device;

obtaining data identifying a current location of the wireless communication device;

based on the current location of the wireless communication device and the spoken input, retrieving information;

delivering, to the wireless communication device by a notification server, a non-verbal response to the spoken input, the non-verbal response based on the retrieved information and including a drill-down menu by which additional information related to the retrieved information can be obtained; and

providing additional information related to the retrieved information in response to receipt of at least one additional input provided via the drill-down menu.

23.    More particularly, Defendant infringes at least claim 1 of the '819 Patent. Defendant receives spoken input from a wireless communication device (e.g., when a user searches for a location or specific restaurant using voice input). Defendant obtains data

identifying the current location of the mobile device (e.g., as evidenced by permissions required to access the device's location and subsequent provision of location-based information and the location of the device on a search result map). Based on the location and the spoken input, Defendant retrieves information (e.g., the nearby availability of restaurants subject to the voice search). Defendant delivers to the wireless device by a notification server, a non-verbal response to the spoken input, the non-verbal response based on the retrieved information and including a drill-down menu by which additional information related to the retrieved information can be obtained (e.g., the nearby restaurants subject to the voice search, distance to mobile device). Defendant provides additional information related to the retrieved information in response to receipt of at least one additional input provided via the drill-down menu (e.g., distance and other information about nearby restaurants in response to selection of the "Change Store" link).

24.     Aeritas has been damaged by Defendant's infringing activities.

## COUNT II
## (Infringement of U.S. Patent No. 8,055,285)

25.     Aeritas incorporates the above paragraphs as though fully set forth herein.

26.     Plaintiff is the owner, by assignment, of U.S. Patent No. 8,055,285 (the "'285 Patent"), entitled MIXED-MODE INTERACTION, which issued on November 8, 2011.

27.     The '285 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

28.     Defendant has been and is now infringing one or more claims of the '285 Patent under 35 U.S.C. § 271 by making and using the Panda Express App with users'

iOS and Android devices and the Panda Express server in the United States without authority.

29.     Defendant, Panda Express, has also infringed the '285 Patent by encouraging users of the Panda Express App to use the user's iOS or Android devices with the Panda Express App to practice the claims of the '285 Patent. Defendant has notice of the '285 Patent at least as of the date of service of this complaint.

30.     Claim 1 recites:

> 1.     A method, comprising:
>
> at a first time, receiving and storing an input in a user profile in a database, the input comprising consumer interest data;
>
> at a second time distinct from the first time, obtaining data identifying a current location of the mobile communication device;
>
> based on the input stored in the user profile and the current location of the mobile communication device, initiating a search to locate information pertinent to the input;
>
> receiving results derived from the search; and
>
> in response to the input and the search, delivering, by a notification server, information to the mobile communications device.

31.     More particularly, Defendant infringes at least claim 1 of the '285 Patent. Defendant receives and stores an input in a user profile in a database, the input comprising consumer interest data. At a second time, data identifying a current location of the mobile communications device on which the Accused Instrumentality is installed

is obtained. Based on the input and location, Defendant performs a search to locate pertinent information (e.g., nearby restaurants) and receive the results of such search, distance from mobile device. Defendant then provides the information to the mobile communications device.

32.    Aeritas has been damaged by Defendant's infringing activities.

## COUNT III
## (INFRINGMENT OF U.S. PATENT No. 9,888,107)

33.    Aeritas incorporates the above paragraphs as though fully set forth herein.

34.    Plaintiff is the owner, by assignment, of U.S. Patent No. 9,888,107 (the "'107 Patent"), entitled MIXED-MODE INTERACTION, which issued on February 6,

2018.

35.    The '107 Patent is valid, enforceable, and was duly issued in full compliance with

Title 35 of the United States Code.

36.    Defendant has been and is now infringing one or more claims of the '107 Patent under 35 U.S.C. § 271 by making and using the Panda Express App with users' iOS and Android devices and the Panda Express servers in the United States without authority.

37.    Defendant has also infringed the '107 Patent by encouraging users of the Panda Express App to use the user's iOS or Android devices with the Panda Express App to practice the claims of the '107 Patent.

38.    Claim 5 recites:

5.    Apparatus, comprising:

a processor;

computer memory holding computer program instructions to receive

first data indicating a permission to provide a mobile device

user a notification, the notification having an associated

notification criteria;

at a given time, determine a location of a mobile device;

based on at least in part on a determined location of the mobile

device and the notification criteria, to provide to the mobile

device the notification, the notification being associated at the

mobile device with one of: an audible, visual and tactile alert;

receive second data as a result of an input being received at

the mobile device following the notification;

retrieve information associated with the input and the determined

location of the mobile device; and

provide to the mobile device a response to the input, the response

based on the retrieved information;

wherein the computer program instructions comprise a rules engine

that comprises first and second components, a first

component that evaluates the notification criteria, and a

second component that executes notifications rules.

39.     More particularly, Defendant infringes at least claim 5 of the '107 Patent.

On information and belief, Defendant employs a processor with computer memory that

holds computer program instructions to perform the functions described above.

Defendant receives data indicating permission to provide a notification to a mobile device

user in accordance with notification criteria. Defendant asks for permission to obtain the user's location and obtains the user's location if permission is granted. Based on the location and notification criteria, Defendant provides at least a visual alert notification. Defendant receives second data as a result of an input being received at the mobile device, retrieves information associated with the input and location, and provides responsive information to the mobile device (e.g., whether a location is able to process online ordering). Upon user selecting a different store, a visual notification informs the user of online ordering capabilities. This notification is evidence of a rules engine that evaluates notification criteria and sends only those notifications that conform to a rule set.

40.     Aeritas has been damaged by Defendant's infringing activities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant:

1.     declaring that the Defendant has infringed the '819, '285 and the '107 Patents;

2.     awarding Plaintiff its damages suffered as a result of Defendant's infringement of the '819, '285 and '107 Patents;

3.     awarding Plaintiff its costs, attorneys' fees, expenses, and interest; and

4.     granting Plaintiff such further relief as the Court finds appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury, Under Fed. R. Civ. P. 38.

Dated: October 3, 2022                          Respectfully submitted,

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
106 E. Sixth Street, Suite 900
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF
AERITAS, LLC**